UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTRESS DIRECT, INC. and MATTRESS DIRECT OF NEW ORLEANS, INC.<br><br>*Plaintiffs,*<br><br>THE NORTHERN INSURANCE COMPANY OF NEW YORK and SOUTHERN INSURANCE COMPANY<br><br>*Defendant.* | CIVIL ACTION<br><br>SECTION:<br><br>DISTRICT JUDGE:<br><br>MAG. JUDGE: |

## **NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Southern Insurance Company ("Southern Insurance"), and hereby removes this civil action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. In support of this removal, Southern Insurance respectfully avers as follows:

**I.**

On November 18, 2019, plaintiffs, Mattress Direct, Inc. and Mattress Direct of New Orleans, Inc., filed suit against Northern Insurance Company of New York ("Northern Insurance") and Southern Insurance in the 19th Judicial District Court for the Parish of Easton Baton Rouge, State of Louisiana, which case is entitled *Mattress Direct, Inc. and Mattress Direct of New Orleans, Inc. versus Northern Insurance Company of New York and Southern Insurance Company*. The case was assigned Suit Number 690895 and allotted to Section 22 of the 19th Judicial District Court. In their

4849-4003-5503.1

Petition for Insurance Coverage, Breach of Insurance Contract, Legal Penalties Under LA. R.S. 22:1892B(1), and Bad Faith Adjustment of Claims Under LA. R.S. 22:1973B(5) plaintiffs allege that Northern Insurance and Southern Insurance breached their obligations under policies of insurance issued to plaintiffs and further breached duties imposed upon it by Louisiana statutes.[1]

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### II.

Removal is proper because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1). Specifically, Defendants represent that:

1. Plaintiffs are domestic corporations and citizens of East Baton Rouge Parish, Louisiana;[2]

2. Defendant, Northern Insurance Company of New York, was subsumed by Zurich American Insurance Company in 2015. Zurich American Insurance Company is incorporated in the State of New York, and its principal place of business is located in Schaumberg, Illinois.[3]

3. Defendant, Southern Insurance Company, is incorporated in the State of Texas, and its principal place of business is in Dallas, Texas.[4]

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

### III.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for the existence of federal diversity jurisdiction by 28 U.S.C. § 1332(a). Specifically, Plaintiffs allege that Defendants owe plaintiffs in excess of $1,232,868.03, pursuant to the terms and conditions of the policy.[5]

---

[1] See Petition for Damages, attached hereto as Exhibit 1.
[2] See Exhibit 1, Preamble.
[3] See Exhibit 1, ¶1A.
[4] See Exhibit 1, ¶1B.
[5] See Exhibit 1, ¶8.

## IV.

Additionally, Plaintiffs seek the recovery of statutory penalties in the amount of 50% of their unpaid claim, attorneys' fees, and costs pursuant to LSA-R.S. 22:1892. Plaintiffs also seek unspecified damages pursuant to LSA-R.S. 22:1973.[6]

## V.

Southern Insurance, therefore, respectfully submits that removal of this action to the Honorable Court is proper because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the District Courts of the United States have original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and the removal of this action to this Honorable Court is permitted by 28 U.S.C. § 1441(a).

## DEFENDANTS HAVE COMPLIED WITH ALL OTHER REQUIREMENTS FOR THE REMOVAL OF THIS ACTION TO FEDERAL COURT.

## VI.

Removal is proper because this Notice of Removal is being filed within 30 days after receipt of Plaintiffs' initial pleading by UPC.

## VII.

Pursuant to 28 U.S.C. § 98(b), East Baton Rouge Parish is located in the Judicial District for the Middle District of Louisiana. Accordingly, venue is proper in this Judicial District in accordance with 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this Judicial District.

---

[6] See Exhibit 1, ¶¶ 20-27.

## VIII.

Copies of all pleadings, process, orders, and other filings filed in the state court suit are filed concurrently with the filing of this Notice of Removal as required by 28 U.S.C. § 1446(a).[7]

## IX.

This action is removable under and by virtue of the acts of Congress of the United States and Defendants desire to remove it to this Honorable Court.

## X.

Defendant, Northern Insurance Company of New York, acquiesces and consent to the removal of this action to this Honorable Court.[8]

**WHEREFORE**, Defendant, Southern Insurance Company, respectfully prays that the above-captioned action be removed to the United States District Court for the Middle District of Louisiana in accordance with the provisions of 28 U.S.C. §§ 1441 *et seq.*

Respectfully submitted:

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Meredith A. Mayberry*

MEREDITH A. MAYBERRY, T.A. (28958)
JAMES W. HAILEY, III (23111)
RACHAL CHANCE KRAMAR (31358)
400 Poydras Street, Suite 1300
New Orleans, Louisiana 70130
Telephone: 504-322-4100
Facsimile: 504-754-7569

***Counsel for Defendant, Southern Insurance Company***

---

[7] See Certificate of Filing State Court Record.

[8] See Acquiescence to Removal, attached hereto as Exhibit 2.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record electronically using the Court's CM/ECF system, to which all attorneys in this case have subscribed, on this 20th day of December, 2019.

                                              */s/ Meredith A. Mayberry*
                                              MEREDITH A. MAYBERRY