## 19TH JUDICIAL DISTRICT COURT

## PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

| | |
|---|---|
| MATTRESS DIRECT, INC. and<br>MATTRESS DIRECT OF NEW<br>ORLEANS, INC. | * NUMBER: **690895**<br>*<br>* DIVISION: "" **22**<br>* |
| VERSUS | *<br>* |
| THE NORTHERN INSURANCE<br>COMPANY OF NEW YORK and<br>SOUTHERN INSURANCE COMPANY | *<br>* |

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel come Mattress Direct, Inc. and Mattress Direct of New Orleans, Inc. ("Plaintiffs"), domestic corporations, which respectfully represent as follows:

### PARTIES AND VENUE

**1.**

Made Defendants herein are:

A. **The Northern Insurance Company of New York**, a foreign insurance company authorized to do and doing business in Louisiana with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196, which may be served via the Louisiana Secretary of State pursuant to La R.S. § 13:3472; and

B. **Southern Insurance Company**, a foreign insurance company authorized to do and doing business in Louisiana with its principal place of business being at 4455 LBJ Freeway, Dallas, Texas 75244, which may be served via the Louisiana Secretary of State pursuant to La R.S. § 13:3472.

(The Northern Insurance Company of New York and Southern Insurance Company are sometimes collectively referred to herein as "Defendants.")

**2.**

East Baton Rouge Parish is the proper venue for this matter pursuant to La Code Civ. P. article 74.

### FACTS

**3.**

Plaintiffs operate a retail business selling mattresses and other bedding accessories across multiple locations in Louisiana and Mississippi.



EXHIBIT 1

**4.**

Plaintiffs have numerous employees whom they have hired to help run/operate their many locations.

**5.**

One of Plaintiffs' employees began embezzling funds from the businesses in June 2013 and continued to steal up until the scheme was discovered in December of 2018.

**6.**

The employee would write the checks to her husband, all the while linking the check in Plaintiffs' accounting software to a vendor who regularly did business with Plaintiffs. This allowed the check writing scheme to go unnoticed for years.

**7.**

The employee in question wrote checks for amounts ranging between $189.00 and $12,974.26.

**8.**

Between May 2012 and December 2018, the employee wrote and cashed 442 fraudulent checks, totaling **$1,232,868.03.**

**9.**

The writing of these fraudulent checks constituted numerous separate occurrences of theft over seven policy periods.

**10.**

From May 3, 2011 to May 3, 2014, Plaintiffs carried commercial property insurance through The Northern Insurance Company of New York, an affiliate of Zurich.

**11.**

From May 3, 2014 to May 3, 2019, Plaintiffs carried commercial property insurance through Southern Insurance Company, an affiliate of Republic Group, an AmTrust Financial Company.

### COUNT I: BREACH OF CONTRACT

**12.**

In both cases, the policies issued by Defendants to Plaintiffs provided coverage for "employee dishonesty" (in the case of The Northern Insurance Company of New York policy), and "employee theft" (in the case of the Southern Insurance Company) coverage.

NON-CERTIFIED COPY

**13.**

The series of thefts described in the fact section above fall squarely within the terms and conditions of the policies, and therefore constitute a covered loss.

**14.**

Plaintiffs paid their premiums and otherwise complied with all terms and conditions of the policy.

**15.**

Despite Plaintiffs submitting satisfactory proofs of loss and upholding all of their obligations under the policies in the event of a covered loss, Defendants have refused to pay the full amount due to Plaintiffs. In other words, Defendants breached the insurance contracts.

**16.**

In the case of defendant, Southern Insurance Company, rather than submitting the full amount due to Plaintiffs under the policy, Southern Insurance Company submitted a "final payment" of $10,000.00 in the form of a check. That check has not been cashed or negotiated.

**17.**

The Northern Insurance Company of New York has tendered no money whatsoever in connection with Plaintiffs' claim.

**18.**

For Count I, The Northern Insurance Company of New York owes Plaintiffs **$187,150.04** under the plain terms of the insurance policies covering the policy periods running from May 3, 2012 to May 3, 2014, i.e. the amount total amount stolen during those policy periods.

**19.**

For Count I, Southern Insurance Company owes Plaintiffs **$1,045,717.99** under the plain terms of the insurance policies covering the policy periods from May 3, 2014 to May 3, 2019, i.e. the total amount stolen during those policy periods.

### COUNT II: LEGAL PENALTIES UNDER LA R.S. § 22:1892B(1)

**20.**

Southern Insurance Company has refused to pay the full amount due Plaintiffs within 30 days of their receipt of satisfactory proof of loss.

**21.**

Southern Insurance Company's refusal is arbitrary, capricious, and without probable cause.

2221792v.1    NON-CERTIFIED COPY

**22.**

Therefore, Southern Insurance Company is liable to Plaintiffs, not only for the amount of the covered loss, but for an additional fifty percent as a penalty under La. R.S. § 22:1892B(1), i.e. **$522,859.00**.

**23.**

Southern Insurance Company is further liable for Plaintiffs' reasonable attorneys' fees under the very same statute.

### COUNT III: BAD FAITH ADJUSTMENT OF CLAIMS UNDER LA R.S. § 22:1973B(5)

**24.**

Southern Insurance Company has refused to pay the full amount due Plaintiffs within 60 days of its receipt of satisfactory proof of loss.

**25.**

Southern Insurance Company's refusal is arbitrary, capricious, and without probable cause.

**26.**

Plaintiffs suffered damages separate and apart from the covered loss amount because of Southern Insurance Company's failure to pay the amount owed.

**27.**

Therefore, Southern Insurance Company has violated its good faith duty under La. R.S. § 22:1973B(5) to adjust claims fairly and are liable to Plaintiffs, not only for the damages Plaintiffs sustained as a result of Southern Insurance Company's breach, but for an additional amount equal to twice the damages sustained as a result of the breach.

### JURY DEMAND

**28.**

Petitioner is entitled to and hereby prays for a trial by jury on all issues.

### REQUEST FOR NOTICE

**29.**

Plaintiffs respectfully request written notice to their counsel ten (10) days in advance of any date fixed for trial or hearing on any exception, motion, rule or trial on the merits in this proceeding pursuant to Louisiana Code of Civil Procedure article 1572, and Plaintiffs further request, pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914, immediate written notice to their counsel of all interlocutory and final orders and judgments on any exceptions, motions, rules, or trials on the merits in these proceedings.

2221792v.1   NON-CERTIFIED COPY

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, Mattress Direct, Inc. and Mattress Direct of New Orleans, Inc. pray as follows:

a. That Defendants be duly cited to appear and answer this petition and be served with a copy of same;

b. That after the lapse of all legal delays and after due proceedings are had, there be a judgment herein in favor of Plaintiffs, and against defendant, **The Northern Insurance Company of New York**, in the sum of **$187,150.03**, plus legal interest from the date of judicial demand until paid;

c. That after the lapse of all legal delays and after due proceedings are had, there be a judgment herein in favor of Plaintiffs, and against defendant, **Southern Insurance Company**, in the sum of **$1,045,717.99**, plus the penalties and attorneys' fees associated with La. R.S. § 22:1892B(1) (an additional $522,859.00 plus attorneys' fees); **or in the alternative,** said **$1,045,717.99**, plus the penalties associated with La. R.S. § 22:1773B(5), plus attorneys' fees as provided for in La. R.S. § 22:1892B(1). In either case, Plaintiffs seek legal interest from the date of judicial demand until paid;

d. Trial by civil jury; and

d. For notice of judgment in accordance with all orders and decrees necessary in premises and for full, general and equitable relief.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By _____
John Stone Campbell III, Bar # 23674
Colin T. Peak, Bar # 38368
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: johnstone.campbell@taylorporter.com
colin.peak@taylorporter.com

*Attorneys for Mattress Direct, Inc. and Mattress Direct of New Orleans, Inc.*

**PLEASE SERVE:**

**The Northern Insurance Company of New York,**
Through its agent for service of process:

Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Southern Insurance Company,**
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

2221792v.1 — NON-CERTIFIED COPY